**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Sherman Jolicoeur, | No. CV-17-00930-PHX-SPL (JZB) |
| Plaintiff, | **AMENDED ORDER** |
| v. | |
| L. Minor, et al., | |
| Defendants. | |

Pending before the Court are several motions from Plaintiff John Sherman Jolicoeur, including: (1) "Motion Joinder of Claims and Remedies" (doc. 41); (2) Motion to Join Parties under Rule 19(a) (doc. 42); (3) Motion to Appoint Counsel (doc. 68); (4) Motion for Court Order (doc. 72); (5) Motion to Compel Production of Documents (doc. 74); and (6) Motion for Waiver of Copy Fees (doc. 80). The Court will address each motion below.

**I.    Background.**

On March 29, 2017, Plaintiff filed a pro se Civil Rights Complaint. (Doc. 1.) In the Court's June 22, 2017 Screening Order (doc. 7), the Court provided the following summary of Plaintiff's claims, relevant to his pending motions:

> Plaintiff alleges that he suffers from intervertebral disc disorders and that from September 7, 2016, to January 18, 2017, he experienced multiples lapses and irregularities in the provision of his prescribed pain medications, gabapentin and Roboxin. (Doc. 1 at 6.) Plaintiff also alleges that the lapses in medication that occurred in September 2016 resulted in the

> discontinuation of his gabapentin prescription. (*Id.*) . . .
>
> Plaintiff alleges that his medical treatment violated the terms of the settlement agreement in *Parsons v. Ryan* [CV 12-00601-PHX-DJH (DKD)], and that Defendants Ryan and Pratt, as signatories to that agreement, are therefore liable for his constitutional injuries. (*Id.* at 13-14.) Plaintiff further alleges that Defendant Ryan has adopted a policy prohibiting inmates from appealing denials of their medical grievances to Ryan. (*Id.*) Now, Plaintiff claims, prisoners are forced to seek remedies for conduct that violates the *Parsons* agreement "from the very medical administration and staffing of medical who are the causes of those violations." (*Id.* at 14.)

(Doc. 7 at 3-4 (footnotes omitted).) The Court screened the Complaint and found that

> Plaintiff's claim against Defendant Pratt is too vague and conclusory to state a claim. Plaintiff alleges that Pratt was required to ensure that Plaintiff's medications were either transferred to the Buckley Unit when Plaintiff was "or otherwise provided at the receiving prison without interruption." However, Plaintiff does not allege any facts to show that Pratt knew that Plaintiff was going to be transferred or knew about any resulting lapses in Plaintiff's medications. Accordingly, Plaintiff has failed to state a claim for relief against Defendant Pratt, and this Defendant will be dismissed without prejudice.

(*Id.* at 9.)

## II. Motion Joinder of Claims and Remedies.

On December 11, 2017, Plaintiff filed his "Motion Joinder of Claims and Remedies of [*Parsons v. Ryan*] CV12-00601-PHX-DJH (DKD) and [*Jolicoeur v. L. Minor*] CV 17-00930-PHX-PGR (JZB) Rule 18(a)(b)." (Doc. 41.) Plaintiff asserts that he is "a member of *Parsons v. Ryan* class action civil case[,]" and therefore the settlement agreement reached there applies to this action. (*Id.* at 2.) In his Motion, Plaintiff asserts no new claims. "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a).

Plaintiff's Motion is not the model of clarity, but Plaintiff appears to seek consolidation of this action with *Parsons v. Ryan*, CV12-00601-PHX-DJH (DKD). Plaintiff's intention is apparent for several reasons: (1) Plaintiff has asserted no new claims; (2) Plaintiff's Motion includes the case numbers of this action and of *Parsons*, (3) Plaintiff alleges he is a member of the *Parsons* class, and notes that Defendant Ryan

and Mr. Pratt are defendants in *Parsons*; (4) Plaintiff alleges that both actions involve the same questions of fact; and (5) Plaintiff alleges that "Defendant Ryan delayed three years after signing *Parsons v. Ryan* settlement agreement and one year after this Plaintiff's transfer on 9/7/2016, for Defendant Ryan to affect a policy revision to ensure inmates are transferred with [their] chronic pain medications." (*Id*. at 10.)

Each of the above listed facts indicates that Plaintiff does not intend to join independent or alternative claims to this action under Rule 18, but rather to consolidate this action with *Parsons*. Accordingly, the Court will treat Plaintiff's Motion Joinder of Claims and Remedies as a Motion to Consolidate. *Woods v. Carey*, 525 F.3d 886, 890 (9th Cir. 2008) (directing the district court to treat as a motion to amend a second habeas corpus petition filed while the first petition was pending) (citing *United States v. Seesing*, 234 F.3d 456, 462 (9th Cir. 2001) ("Pro se complaints and motions from prisoners are to be liberally construed.")).

### A. Legal Standard.

Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . (2) consolidate the actions. . . ." Fed. R. Civ. P. 42(a). "[C]onsolidation is permitted as a matter of convenience and economy in administration[,]" and "district courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1127 & 1131 (2018). But the existence of a common question alone does not guarantee consolidation. *See Robert Kubicek Architects & Assocs., Inc. v. Bosley*, No. CV-11-02112-PHX-DGC, 2012 WL 6554396, at *8 (D. Ariz. Dec. 14, 2012) (finding consolidation was not proper because the two actions were at different stages of litigation, and consolidation "would create substantial inconvenience and delay.").

In determining whether consolidation is appropriate, a court "must balance the interest of judicial convenience against the potential for delay, confusion and prejudice that may result from such consolidation." *Bank of Montreal v. Eagle Assoc.*, 117 F.R.D. 530, 532 (S.D.N.Y. 1987) (citing *Katz v. Realty Equities Corp.*, 521 F.2d 1354, 1362 (2d

Cir. 1975)); *see also*, *Kubicek Architects & Assocs.*, 2012 WL 6554396 at *8. Factors such as differing trial dates or stages of discovery usually weigh against consolidation. Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2383 (1995).

The moving party bears the burden of proof on a motion for consolidation. *See, e.g.*, *In Re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2d Cir. 1993); *In re Consol. Parlodel Litig.*, 182 F.R.D. at 444.

### B. Discussion.

Plaintiff argues that consolidation is appropriate in this instance because there is a commonality of circumstances between the class action plaintiffs in *Parsons* and himself. Specifically, he states:

> [W]hat all Plaintiffs of *Parsons v. Ryan* and Plaintiff Jolicoeur have in common is the stipulations and settle[ment] agreement afforded prisoners in *Parsons v. Ryan*. . . Moreover, Plaintiffs have in common is their alleged exposure, as a result of specified statewide ADC Grievance Policy and Practices that govern the overall conditions of healthcare services of inmates in confinement with medical personnel who are the cause of harm to inmates with a substantial continual risk of serious future harm to which the Defendants are allegedly deliberately indifferent. . . Defendant Ryan agreed to affect medical healthcare changes in *Parsons v. Ryan* settlement agreement measures, yet, made a grievance policy that every inmate must address their administrative remedies with the people who are the very cause of those healthcare violations. In Plaintiff Jolicoeur's case all administrative remedies of protection from suffering needlessly failed Plaintiff.

(Doc. 51 at 8.)

But, as noted by Defendants, *Parsons* and this action are entirely distinct and do not involve a common question of law or fact. (*See* Doc. 47 at 4.) *Parsons* is a class action dating back nearly six years ago, involving more than 33,000 inmates, having reached a settlement, and having been in the monitoring phase for nearly three years. This action is not a class action, is in the early litigation stage, is "narrowly tailored to Plaintiff's specific clinical presentation, symptomology, medical history, comorbidities, diagnoses, etc." (*Id.* at 4-5.)

Consolidation of these actions is not convenient and will not result in economy in the judicial administration. The stages and nature of the actions are so widely disparate

that consolidation is almost certain to cause prejudice to the parties in both actions, as well as substantial delays, confusion, and inconvenience. Additionally, because the stages and the nature of the actions are so disparate, there is no obvious benefit to the parties of either action.

What is more, there is little concern that the actions may have inconsistent results. First, in *Parsons*, no verdict was issued because the action was settled. Second, Plaintiff's claims against Defendant Ryan and Mr. Pratt are based on facts that took place after the settlement agreement in *Parsons* was signed. *Parsons* as a class action allows for differences in the ultimate determination of class members' claims owing to their own unique sets of facts.

In sum, any judicial resources potentially saved by consolidating the cases at this stage do not outweigh the almost certain prejudice and confusion that consolidation would cause. Accordingly, the Court will deny Plaintiff's Motion to Consolidate.

**III. Motion to Join Parties.**

On December 11, 2017, Plaintiff submitted his "Motion to Join Parties Rule 19(a)." (Doc. 42.)

**A. Under Rule 19.**

Under Rule 19, a "required" party must be joined if feasible. A person or entity is a "required" party if he is subject to service of process, his joinder will not deprive the court of subject-matter jurisdiction, and at least one of the following conditions is met:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> >
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a); *see also Webb v. City of Tempe*, No. CV-16-03136-PHX-DGC,

2017 WL 1233827, at *2 (D. Ariz. Apr. 4, 2017).

Plaintiff's Motion seeks to join Richard Pratt as a Defendant under Federal Rule of Civil Procedure 19(a). (*Id.* at 1.) But Plaintiff makes no argument that Mr. Pratt is a required party. (*See* Docs. 42, 50). Instead, Plaintiff states that Mr. Pratt "was completely aware that inmates were transferred . . . without Medications as of 10/9/2014[,]" and that Mr. Pratt knew that such transfers were a "risk of harm to inmate health" because he was a signatory to the *Parsons* settlement. (Doc. 50 at 2.)

Plaintiff fails to show that Mr. Pratt is a required party. Accordingly, Plaintiff's Motion under Rule 19 will be denied.

### B. Under Rule 15 and Rule 20.

After close review of Plaintiff's briefing, the Court finds that Plaintiff's Motion (doc. 42) more closely resembles a request to amend his Complaint to add Mr. Pratt as a Defendant. Indeed, Defendants, in their response, treat Plaintiff's Motion as such. (Doc. 46 at 3 n.2).

When a party seeks to amend a pleading, Rule 15 of the Federal Rules of Civil Procedure is generally applicable, even where a party seeks to amend to add new parties. Because Rule 20 also regulates whether parties may be joined, however, the court must consider whether the proposed amended pleading to add parties meets the requirements of both Rules 15 and 20. *See Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1374 (9th Cir. 1980); *Hinson v. Norwest Fin. S. Carolina, Inc.*, 239 F.3d 611, 618 (4th Cir. 2001) (stating that a "court determining whether to grant a motion to amend to join additional plaintiffs must consider both the general principles of amendment provided by Rule 15(a) and also the more specific joinder provisions of Rule 20(a).") (citing *Desert Empire Bank*, 623 F.2d at 1374).

"In exercising the discretion provided by Rules 15 and 20, courts have shown a strong liberality in allowing parties to amend their pleadings when such amendments have satisfied the explicit requirements of the rules." *Desert Empire Bank*, 623 F.2d at 1375-76. But the Court should consider the following factors in determining whether a

motion to amend should be granted: (1) whether the pleading at issue has been previously amended, (2) futility of the amendment, (3) bad faith, (4) undue delay, and (5) prejudice to the opposing party. *Forman v. Davis*, 371 U.S. 178, 182 (1962); *see also Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991); *W. Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).

Rule 8(a) of the Federal Rules of Civil Procedure provides that to state a claim for relief, a complaint must contain (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." The complaint also must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In reviewing a complaint for failure to state a claim, the Court must "accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). But the Court does not have to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.*

"Under Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability." *Hansen v. Black*, 885 F.2d 642, 645-46

(9th Cir.1989). In order for a supervisor to be liable for the actions of his employees, there must be "either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Id*. at 646. Thus, "a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the constitution." *Iqbal*, 556 U.S. at 675.

Here, Defendants oppose Plaintiff's Motion to add Richard Pratt as futile because the amendments would be subject to dismissal for failure to state a claim. (Doc. 46 at 7.) The Court agrees.

Plaintiff's claim against Mr. Pratt does not allege facts sufficient to make the claim plausible. In his original Complaint, Plaintiff included Mr. Pratt as a named defendant. (Doc. 1 at 14.) But the Court dismissed Mr. Pratt, without prejudice, because Plaintiff's claim against Mr. Pratt was "too vague and conclusory to state a claim." (Doc. 7 at 9.) Specifically, the Court found that "Plaintiff [did] not allege any facts to show that Pratt knew that Plaintiff was going to be transferred or knew about any resulting lapses in Plaintiff's medications." (*Id*.)

Plaintiff's new claim against Mr. Pratt suffers from the same fatal flaw. Specifically, Plaintiff fails to provide sufficient facts to support his claim against Mr. Pratt. Plaintiff does not explain how Mr. Pratt is personally involved in provision of Plaintiff's medical care and treatment, nor how or why Mr. Pratt was "fully aware" that "measure #35" was violated in September 2016 during Plaintiff's specific unit transfer. Plaintiff does not allege that Mr. Pratt was aware Plaintiff was going to be transferred in September 2016.

Indeed, Plaintiff's entire claim against Mr. Pratt appears to be based in a theory of respondeat superior liability, which is not available for § 1983 actions. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691-92 (1978) (stating that § 1983 "cannot be easily read to impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor[,]" and

"the fact that Congress did specifically provide that A's tort became B's liability if B 'caused' A to subject another to a tort suggests that Congress did not intend § 1983 liability to attach where such causation was absent.")

Plaintiff summarily states that he "is not alleging that Mr. Pratt was merely a supervisor who had no idea of what was going on within the A.D.C. prison system[,]" (doc. 50 at 5), but Plaintiff provides no facts evidencing that Mr. Pratt was anything more.

Plaintiff argues that "Mr. Pratt need not have personal knowledge that Plaintiff was being transferred on 9/6/2016 from one unit to another within the Arizona Department of Corrections" because, as a defendant in *Parsons*, Mr. Pratt "already knew of the risk to inmate health as inmates were being transferred without medications." (Doc. 50 at 5.) Plaintiff further argues that on December 28, 2016 emails were sent to Mr. Pratt containing a description of what occurred to Plaintiff. (*Id.* at 4, *see* doc. 50-1 at 42-49.)

Plaintiff's arguments are not persuasive. His allegations show only that Mr. Pratt had generalized knowledge that inmates had been transferred without their medications and do not reasonably support an inference that Mr. Pratt had particularized knowledge that Plaintiff was being transferred without his medication. In its screening Order, the Court dismissed the claim against Mr. Pratt because "Plaintiff [did] not allege any facts to show that Pratt knew that Plaintiff was going to be transferred or knew about any resulting lapses in Plaintiff's medications." (Doc. 7 at 9.) The fact that Mr. Pratt is a defendant in *Parsons*, and that he signed the settlement agreement reached in that case, only supports the inference that Mr. Pratt had generalized knowledge that it was possible that inmates would be transferred without their medications. But Plaintiff's allegations are insufficient to support an inference that Mr. Pratt had specific knowledge that (1) Plaintiff was going to be transferred, and (2) his medications would lapse.

What is more, Plaintiff does not allege facts to show Mr. Pratt engaged in "deliberate indifference[.]"As the Court warned in its screening Order,

> To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

(Doc. 7 at 8) (citations omitted.)

Because Plaintiff has not adequately alleged facts to support the inference that Mr. Pratt knew Plaintiff was going to be transferred without his medication, it is not plausible that Mr. Pratt was personally deliberately indifferent. *Iqbal*, 556 U.S. at 675.

Because Plaintiff fails to state a claim against Mr. Pratt, to the extent Plaintiff is requesting to file an amended complaint adding Mr. Pratt as a defendant, the Court will deny the request as futile.

**IV.     Motion to Appoint Counsel.**

On March 5, 2018, Plaintiff filed his second Motion to Appoint Counsel. (Doc. 68.) The Court will deny the Motion.

There is no constitutional right to appointment of counsel in a civil case. *Johnson v. U.S. Dep't. of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991). Appointment of counsel in a civil rights case is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *see also Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014). To determine whether there are exceptional circumstances, the Court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *see also Cano*, 739 F.3d at 1218; *Palmer*, 560 F.3d at 970.

Here, Plaintiff asserts that appointment of counsel is appropriate in this case because: (1) he cannot afford counsel; (2) his imprisonment greatly limits his ability to litigate; (3) he has limited knowledge of the law; (4) he does "not know how to file a temporary restraining order with a preliminary injunction"; (5) he does "not want to

argue or lose [his] case on legal technicalities or legal strategies"; and (6) he "should not have to endure constant and worsening daily pain because of [his] inability to properly file motions in this Court." (Doc. 68 at 10.)

The Court finds that Plaintiff has failed to demonstrate the required exceptional circumstances to warrant appointment of counsel in this case. Plaintiff has not demonstrated a likelihood of success on the merits, nor has he shown that he is experiencing difficulty in litigating this case because of the complexity of the issues involved. *See Wilborn*, 789 F.2d at 1331 ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."). Accordingly, the Court will deny Plaintiff's Motion to Appoint Counsel (doc. 68).

**V. Motion to Compel.**

    **A. Background.**

On September 13, 2017, the Court issued a Scheduling Order. (Doc. 20.) In its Order, the Court emphasized the requirement of good faith consultations in discovery disputes by explaining that:

> [t]he parties shall not file motions concerning a discovery dispute without first seeking to resolve the matter through personal or telephonic consultation and sincere effort as required by Rule 37(a) of the Federal Rules of Civil Procedure and Rule 7.2(j) of the Local Rules of Civil Procedure. The moving party's motion must include a statement certifying that, after in-person or telephonic consultation, and sincere efforts to do so, the parties have been unable to resolve the discovery dispute.

(*Id.* at 2.) On November 13, 2017, Plaintiff filed a Request for Production of Documents. (Doc. 37.) On December 11, 2017, Defendants responded to Plaintiff's request. (Doc. 40.) On February 5, 2018, Plaintiff served Defendants with additional Interrogatories and Requests for Production of Documents. (Doc. 54.) On February 10, 2018, Defendants received a letter from Plaintiff, which in its entirety states the following:

> The USM-285 form for Katrina Johnson is Docket 49 Service Executed on 01/02/18 at 4:59 pm. Filed in the U.S. District Court of Arizona on January 4th 2018.

> Should your office or Defendants want to talk concerning Discovery please schedule a call.

(Doc. 79-1 at 9.) On February 12, 2018, discovery closed. (Doc. 20 at 2.) On March 7, 2018, Defendants responded to Plaintiff's February 5, 2018 requests. (Doc. 70.) On March 14, 2018, Plaintiff filed a "Motion to Compel Production of Documents for Inspection and Copy." (Doc. 74.)

### B. Discussion.

District courts have broad discretion to permit or deny discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). A motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); LRCiv 7.2(j); *see also Lathan v. Ducart*, No. 16-15633, 2017 WL 4457198, at *1 (9th Cir. Oct. 4, 2017) ("The district court did not abuse its discretion by denying [plaintiff's] motion to compel discovery because [plaintiff] failed to meet and confer with defendants.") (citation omitted). Furthermore, Rule 37.1 of the Local Rules of Civil Procedure provides that a motion to compel discovery:

> shall set forth, separately from a memorandum of law, the following in separate, distinct, numbered paragraphs:
>
> (1) the question propounded, the interrogatory submitted, the designation requested or the inspection requested;
>
> (2) the answer, designation or response received; and
>
> (3) the reason(s) why said answer, designation or response is deficient.

LRCiv 37.1(a).

In this instance, Plaintiff's Motion to Compel fails for three reasons. First, Plaintiff's Motion fails to comply with Fed. R. Civ. P. 37(a)(1) and LRCiv 7.2(j) because it contains no certification that Plaintiff has conferred, or attempted to confer, with Defendants to resolve the dispute regarding the requested documents. (*See* Doc. 74.) Second, Plaintiff fails to comply with LRCiv 37.1 because Plaintiff has not attached a

document setting forth in numbered paragraphs: (1) Plaintiff's questions propounded, (2) Defendant's respective responses, and (3) Plaintiff's reasoning as to why each response is deficient. Finally, since Plaintiff fails to explain why the Defendants' answers were deficient, neither Defendants nor the Court can understand the grounds for Plaintiff's discovery dispute. Therefore, the Court will deny Plaintiff's Motion for failure to comply with the Federal and Local Rules of Civil Procedure and the Scheduling Order.

## VI. Motion for Waiver of Copy Fees.

On March 23, 2018, Plaintiff filed a "Motion for Waiver of U.S. Clerk, District Court Copy Fees, For Plaintiff, For Cause." (Doc. 80.) Therein, Plaintiff alleges that, while incarcerated at ASPC-Safford, Tonto Unit, he did not have access to the District Court's Local Rules. Specifically, Plaintiff states:

> Plaintiff requested the local rule information from the Arizona Department of Corrections, Inmate Paralegal Assistance, and the response Plaintiff received was "unable to assist – beyond initial filing." . . . The Local Rules of Civil Procedures are not available to this Plaintiff at the Prison library or from the Prison Paralegal and Plaintiff has no family or friend support to aid this Plaintiff.

(*Id.* at 2.) In support of his Motion, Plaintiff attaches a request dated March 15, 2018, in which he asks for the "LRCiv 7.2 Book for my [] Civil Rights case." (*Id.* at 8.) On March 16, 2018, Prison staff responded to Plaintiff's request, stating that "[t]he Book 'Local Rules of Civil Procedure' is not one of the books available per D.O.C. Policy 902." (*Id.* at 9.) But listed as an available text in D.O.C. Policy 902 is the "Arizona Rules of the Court – Federal[,]" which contains a copy of the District Court's Local Rules.

Plaintiff has provided documentation showing that the Prison library has copies of the Local Rules. Plaintiff does not allege that he is being denied access to the Prison library. Accordingly, the Court finds that Plaintiff has access to the Local Rules and will deny Plaintiff's Motion.[1]

---

[1] Additionally, the docket shows that on April 5, 2018, Plaintiff was moved from ASPC-Safford to ASPC-Lewis, Barchey Unit. (Doc. 81.) To the extent Plaintiff alleges issues with access to legal materials at the ASPC-Safford Prison Library specifically, those issues are moot.

- 13 -

**VII. Motion for Court Orders.**

On March 12, 2018, Plaintiff filed a "Motion for Court Orders" requesting that the Court order the "nonparties Interrogatories of: Ms. Corene Kendrick, Esq, CO Kayga, Badge #2044, CO A. Delo Santos, Badge # 12231, CO E. Gonzales, Badge # 11756. (Doc. 72 at 1-3.)

Rule 33 of the Federal Rules of Civil Procedure provides that "a party may serve on *any other party* no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). In his Motion, Plaintiff seeks to serve non-parties with interrogatories. Plaintiff's requests are improper and misdirected. The Court will deny Plaintiff's request.

**IT IS ORDERED:**

1. Plaintiff's "Motion Joinder of Claims and Remedies" (doc. 41) is **denied**.
2. Plaintiff's "Motion to Join Parties under Rule 19(a)" (doc. 42) is **denied**.
3. Plaintiff's Motion to Appoint Counsel (doc. 68) is **denied**.
4. Plaintiff's Motion to Compel Production of Documents (doc. 74) is **denied**.
5. Plaintiff's "Motion for Waiver of Copy Fees" (doc. 80) is **denied**.
6. Plaintiff's Motion for Court Order (doc. 72) is **denied**.

Dated this 16th day of April, 2018.

Honorable John Z. Boyle
United States Magistrate Judge